IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIKE HOLLOWAY, | ) |
| Plaintiff, | ) |
| | ) COMPLAINT |
| vs. | ) JURY TRIAL DEMANDED |
| | ) |
| UNION PACIFIC RAILROAD COMPANY | ) |
| Defendant. | ) |
| Serve: Registered Agent<br>The Corporation Company<br>120 South Central Avenue<br>Clayton MO 63105 | ) |

**PARTIES**

1. Plaintiff Mike Holloway (Holloway) is an individual who, during the events giving rise to his claims herein, was a resident and citizen of Missouri who worked for Union Pacific Railroad Company (Union Pacific) in Missouri.

2. Union Pacific is a railroad carrier engaged in interstate commerce. It operates trains throughout Missouri, and is headquartered in Omaha, Nebraska.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over Union Pacific because Union Pacific maintains a significant business presence within Missouri, and Union Pacific's acts and omissions giving rise to Holloway's claim occurred in Missouri.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the substantial part of the events or omissions giving rise to Holloway's claims occurred in this

1

district. Venue is also proper in the Eastern Division of this court since the actions and decisions of Defendant that led to the underlying suit occurred in the City of St. Louis wherein Defendant had its headquarters for the St. Louis Service Unit. Defendant's registered agent is in St. Louis County, Missouri and it does business throughout the territory comprising the Eastern District of Missouri.

## FACTUAL ALLEGATIONS

6. Holloway was hired by Union Pacific in 1979.

7. In December of 2012, Holloway injured his back while at work, which resulted in him having a double fusion in July of 2013.

8. Shortly thereafter, Holloway's doctor returned Holloway with a ten-pound weight-lifting restriction.

9. Although it was reasonable for Union Pacific to accommodate his restriction, the company told Holloway that he could not return to work until he could lift at least thirty pounds.

10. Through hard work and physical therapy, in early 2014, Holloway was able to get his doctor to raise his weight-lifting restriction to thirty pounds.

11. Instead of returning Holloway to work, like it told him it would do, Union Pacific then told Holloway that he could not return to work unless he could lift at least fifty pounds.

12. Again through hard work and physical therapy, later in 2014, Holloway was able to get his doctor to raise his weight-lifting restriction to fifty pounds.

13. Instead of returning Holloway to work, Union Pacific responded by this time telling him that he had to be able to lift at least seventy-five pounds before he could

return to work.

14. Holloway's job has never required him to lift more than fifty pounds.

15. Through more hard work and physical therapy, in 2017, Holloway was able to get his doctor to return him to work with no restrictions.

16. Without having any reason to so do, Union Pacific has nevertheless continued to refuse to reinstate Holloway.

17. Such effort is part of Union Pacific's pattern and practice of preventing employees from returning to work from medical leave regardless of whether they are able to perform their jobs' essential functions.

18. Union Pacific is engaging in such pattern and practice because it wants to reduce its workforce without furloughing younger employees, and its collective bargaining agreement with my union prevents it from removing more senior employees from service without cause.

## CAUSES OF ACTION

### COUNT I
### DISABILITY DISCRIMINATION, IN VIOLATION OF THE ADA

19. Section 12112(a) of the ADA prohibits employers from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

20. At all relevant times, Holloway was an individual with a disability under the ADA.

21. Holloway is a qualified individual under the ADA.

22. Union Pacific discriminated against Holloway on the basis of disability

when it refused to allow him to return to his job following his approved medical leave of absence.

23. Because Union Pacific violated 42 U.S.C. § 12112, Holloway has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Holloway is also entitled to attorneys' fees and costs incurred in connection with these claims.

24. Union Pacific committed the above-alleged acts with reckless or deliberate disregard for Holloway's rights. As a result, Holloway is entitled to punitive damages.

## COUNT II
## FAILURE TO ACCOMODATE, IN VIOLATION OF THE ADA

25. At all relevant times, Holloway was an individual with a disability under the ADA.

26. Union Pacific was aware of Holloway's disability.

27. Discriminating against a qualified individual with a disability includes:

> [N]ot making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]

42 U.S.C. § 12112(b)(5)(A).

28. If Union Pacific believed that Holloway's disability prevented him from performing any essential function of his job, it had a duty to explore whether a reasonable accommodation existed that would allow Holloway to perform the essential functions of his job.

29. Union Pacific failed to engage with Holloway in the interactive process, and failed to offer reasonable accommodation to Holloway.

30. Because Union Pacific violated 42 U.S.C. § 12112, Holloway has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Holloway is also entitled to attorneys' fees and costs incurred in connection with these claims.

31. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Holloway's rights and safety. As a result, Holloway is entitled to punitive damages.

## COUNT III
## IMPERMISSIBLE MEDICAL EXAMINTION, IN VIOLATION OF THE ADA

32. At all relevant times, Holloway was an individual with a disability under the ADA.

33. Section 12112(d)(1) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including certain medical examinations and inquiries.

34. Section 12112(d)(4) of the ADA prohibits employers from "requir[ing] a medical examination and [from]. . . mak[ing] inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity"

35. Union Pacific discriminated against Holloway on the basis of disability by making inquiry into Holloway's medical records, in violation of 42 U.S.C. § 12112(d)(4).

36. Because Union Pacific violated 42 U.S.C. § 12112, Holloway has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Holloway is also entitled to attorneys' fees

and costs incurred in connection with these claims.

37. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Holloway's rights and safety. As a result, Holloway is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Holloway prays for judgment against Union Pacific as follows:

38. That the practices of Union Pacific complained of herein be determined and adjudged to constitute violations of the ADA;

39. For an injunction against Union Pacific and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

40. For an award of damages arising from loss of past and future income, emotional distress, and other compensatory damages in an amount to be determined by the trier of fact;

41. For an award of pre-judgment interest, as provided by law;

42. For an award of Holloway's costs, disbursements and attorneys' fees pursuant to law;

43. For all relief available under the ADA;

44. For such other and further relief available by statute; and

45. For such other and further relief as the Court deems just and equitable.

**GROVES POWERS, LLC**

/s/ *Steven L. Groves*
Steven L. Groves #40837
One US Bank Plaza
505 North 7th Street, Suite 2010
St. Louis, MO  63101
Tel: (314) 696-2300
Fax: (314) 696-2304
sgroves@grovespowers.com


**THE MOODY LAW FIRM**

Nicholas D. Thompson
(*pro hac admission pending*)
500 Crawford Street, Suite 200
Portsmouth, VA 23704
(757) 673-9161 Work
(757) 477-0991 Cell
(757) 397-7257 Fax
nthompson@moodyrrlaw.com


**ATTORNEYS FOR PLAINTIFF**